UNITED STATES, Appellee

v

GEORGE E. LUCAS, Specialist Four,
U. S. Army, Appellant

19 USCMA 172, 41 CMR 172

No. 22,301

December 24, 1969

*Colonel Daniel T. Ghent* and *Captain Lee A. Rau* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Major R. Kevin McHugh,* and *Captain Edward W. Hieronymus* were on the pleadings for Appellee, United States.

### Opinion of the Court

PER CURIAM:

As in United States v Bell, 19 USCMA 167, 41 CMR 167, the data as to pretrial restraint presented to the court-martial during the sentence proceedings indicates the nature of the restraint pending trial was changed from restriction to confinement. We pointed out in *Bell* that an increase of this kind can reasonably be attributed to some act of misconduct committed by the accused in the interim period and, therefore, requires that the court members be instructed not to draw any such inference and not to consider the increase in the form of restraint as evidence of aggravation justifying a more severe sentence than they would otherwise impose.

Here, as in the *Bell* case, the court members were not specifically instructed to disregard the change in restraint. However, other instructions relating to the matter were given. First, the law officer instructed the court members that the accused was "to be punished only for the offenses" of which he was convicted. Secondly, unlike *Bell*, the instructional reference to pretrial restraint in this case was juxtaposed between remarks on the accused's youth, the absence of

previous convictions, and that the accused volunteered for duty in Vietnam, and it clearly appears from the entire instruction that the data as to pretrial restraint was to be regarded by the court members as matter in mitigation, not aggravation. In our opinion, these instructions were sufficient to guard against the risk that an inference of uncharged misconduct would be used against the accused.

The decision of the board of review is affirmed.